UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 21-cr-20285

                                                  Honorable Nancy G. Edmunds

v.

LYNNIE ROBERSON, JR.,

    Defendant.

_____/

**OPINION AND ORDER DENYING MOTION FOR BILL OF PARTICULARS [28] AND MOTION TO DISMISS [26]**

Defendant Lynnie Roberson, Jr. is charged in a four-count superseding indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 21.) Before the Court are Defendant's Motion for Bill of Particulars (ECF No. 28) and Motion to Dismiss (ECF No. 26). The Court held a hearing on these motions on October 28, 2021. A third motion, Defendant's Motion to Suppress Evidence, was denied by the Court in a bench order rendered at that hearing. (ECF No. 27.) For the reasons stated below, the Court DENIES Defendant's motions.

**I.    Factual Background**

On April 4, 2021, at approximately 2:17 a.m., Canton Police Department ("CPD") officers witnessed a Cadillac Escalade with an illegal window tint pass by them while driving down Michigan Avenue. The officers proceeded to follow the vehicle while still

1

maintaining a significant distance. As they followed, they noticed the driver of the vehicle had difficulty staying in the traffic lane. Consistent with the dashboard camera footage from the police cruiser, the officers testified that the vehicle broke the fog line to the left of the lane and then overcorrected breaching the dotted line to the right of the lane. (*See* Exhibit 3, *Dashboard Camera Footage*.) Additionally, when the vehicle stopped at a red light, it pulled too far forward past the line at which a vehicle is legally required to stop for the light. Given these facts, the officers suspected that the vehicle's driver was intoxicated. They activated their overhead lights and the vehicle stopped in a nearby parking lot.

Once stopped, officers approached the vehicle where body camera footage shows Defendant, in the driver's seat, searching through cards in his wallet looking for his driver's license. (*See* Exhibit 4, *Lt. Andes' Body Camera Footage*.) One of the officers reported that he could "smell a strong odor of intoxicating beverage emanating from within the vehicle." (Exhibit 1, *CPD Report*.) Defendant was asked to exit the vehicle, perform standard field sobriety tests, and blow into a breathalyzer. Defendant failed the sobriety tests and his blood alcohol content was higher than the legal limit. Defendant was therefore placed under arrest and transported to the CPD.

At the CPD, officers searched Defendant and discovered a loaded pistol in his groin. Officers also discovered concealed separate baggies of narcotics in that same area on Defendant's person. As confirmed by laboratory reports, one baggie contained 7.66 grams of crack cocaine. The other baggie contained 1.40 grams of cocaine. Defendant also had $1,073 in his pocket.

2

Defendant was charged by the State of Michigan for possessing a firearm and ammunition, carrying a concealed weapon, possessing narcotics, felony firearm and operating while intoxicated. He was arraigned and the matter as set for a probable cause conference on April 23, 2021. Two days before that conference, on April 21, 2021, the U.S. Government filed a criminal complaint against Defendant for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) The State of Michigan subsequently dismissed its case. Defendant made his initial appearance in the present case on April 23, 2021, and a detention hearing was scheduled for April 26, 2021.

According to Defendant, the detention hearing was later rescheduled for April 29, 2021 because the government cited a conflict with the original date. On April 28, 2021, the government obtained an indictment charging Defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant was arraigned on the indictment on April 29, 2021 and consented to detention. Thereafter, on June 1, 2021, Defendant moved to revoke the detention order. On June 9, before a hearing could be held on Defendant's motion to revoke the detention order, the government obtained a superseding indictment which added three additional charges: possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Two), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Three), and carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). (*See* ECF No. 21.)

Defendant now moves for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) and to dismiss the additional charges pursuant to Rule 12(b)(1).

## II. Motion for Bill of Particulars

Defendant claims he is unable to ascertain the case against him based on the face of the superseding indictment and the discovery provided to date. As a result, he claims he is deprived of an ability to prepare his defense, avoid prejudicial surprise at trial, and allow him to raise a double jeopardy defense to any allegations. (*See* ECF No. 28.)

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." A bill of particulars has the following purposes: 1) to ensure that the defendant understands the nature of the charges against him to enable him to prepare for trial, 2) to avoid or minimize the danger of unfair surprise at trial, and 3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The decision to order a bill of particulars is within the sound discretion of the district court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

The Court finds that the superseding indictment provides sufficient detail to reasonably inform Defendant of the charges brought against him. Additionally, the government has provided Defendant with over 100 pages of paper discovery, dashboard camera recordings, body-worn camera recordings, jail surveillance video, lab reports, and potential 404(b) evidence. The government has also outlined the theory of its case on the record in response to a motion for bond. For these reasons, Defendant's motion for a bill of particulars is denied.

## III. Motion to Dismiss

As the basis for his motion to dismiss, Defendant contends that the undisputed acts in this case cannot support the Government's theory that the drugs which form the

basis of Counts Two and Three were intended for distribution and that dismissal of these counts is the appropriate remedy. As to Count Four, Defendant first argues that since the Government cannot sustain its burden to prove Defendant committed a drug trafficking offense as alleged in Counts Two and Three that Count Four must also be dismissed. Additionally, Defendant argues that he did not "use" a firearm "during and relation to . . . a drug trafficking crime" as required by § 924(c).[1] Finally, Defendant argues that the superseding indictment is a result of prosecutorial vindictiveness.

Rule 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "Normally, Rule 12(b) motions may appropriately raise for consideration [of] such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *United States v. Craft*, 105 F.3d 1123 (6th Cir. 1997) (quotation marks and emphasis omitted). "District courts may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions" but a court may not "invade the province of the jury." *Id.* For that reason, "courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

### A. Counts Two and Three

Defendant argues the facts are undisputed and asks the Court to find there was no evidence that the drugs found on Defendant's person were for anything other than

---

[1] 18 U.S.C. § 924(c)(1)(A) provides, in relevant part, that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to . . . [term of sentence varies dependent upon circumstances and type of firearm]."

personal use. Defendant thus asks the Court to make a determination regarding the merits of the underlying charges. Defendant relies upon *United States v. Craft*, 105 F.3d 1123 (6th Cir. 1997) and *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992) with regard to his argument on Counts Two and Three, but neither of these cases support Defendant's arguments here.

In *Craft*, the Sixth Circuit affirmed the lower court's dismissal of two counts of a six-count indictment because the two counts were barred by a five-year statute of limitations. *Craft*, 105 F.3d at 1125. The court found that "the facts relating to the disposition of the statute of limitations issue were . . . easily isolated from the issues on the merits." *Id.* at 1127. These facts were "undisputed and raise[d] a legal issue, not a factual one." *Id.*

Unlike in *Craft*, where the Court considered a question of law, Defendant here asks the Court to consider the factual evidence that relates to the ultimate issue for trial. Whether Defendant intended to sell the drugs or simply to use them is a question of fact for the jury. *See Evans v. United States*, 153 U.S. 584, 595 (1894); *United States v. Corbett*, 215 U.S. 233, 243 (1909). Defendant's motion therefore falls outside the scope of Rule 12.

*United States v. Levin* is similarly unsupportive of Defendant's arguments. In that case, the Sixth Circuit affirmed the district court's dismissal of counts of the indictment before trial where the "undisputed extrinsic evidence" established that the defendant lacked the necessary intent to participate in a criminal act. *Levin*, 973 F.2d at 466. The defendant was charged in a 560-count indictment with multiple violations of Medicare fraud, false claims, mail fraud and false statements. *Id.* at 464. But the court found the statutes under which the defendant was charged were "rendered ambiguous by

6

numerous opinion letters issued by the government . . . which appear[ed] to sanction the practice challenged by [the] indictment." *Id.* at 469. That is not the case here and the *Levin* court's analysis does not apply.

### B. Count Four

Count Four of the Superseding Indictment charges Defendant with carrying and using a firearm during and relation to a drug trafficking crime in violation of § 924(c)(1)(A). Defendant argues that since the Government cannot sustain its burden to prove Defendant committed a drug trafficking offense, that Count Four must also be dismissed. This argument fails for the reasons set forth above in regard to Counts Two and Three.

Defendant also argues that he did not "carry and use" a firearm within the meaning of the statute. To support this contention, Defendant relies upon *Bailey v. United States*, 516 U.S. 137 (2009). In *Bailey*, the Supreme Court held that a defendant could not be convicted of "using" a firearm unless the Government showed "that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* at 150. But *Bailey* is outdated and does not apply here.

"*Bailey* examined an earlier version of [§ 924(c)] that prohibited *only* 'using or carrying a firearm during and in relation to' drug trafficking." *United States v. Combs*, 369 F.3d 925, 931-32 (6th Cir. 2005) (citing 18 U.S.C. § 924(c)(1) (1994)). In 1998, Congress explicitly amended the statute in response to *Bailey*, adding the "in furtherance of" provision. In *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001), the Sixth Circuit interpreted the "in furtherance of" provision, to mean that "the weapon must promote or facilitate the crime." 265 F.3d at 460-61. The "in furtherance of" provision constitutes a separate and distinct offense from the "use or carry" provision. *Combs*, 369 F.3d at 933.

To prove that a defendant is guilty of a violation of the "in furtherance of" provision does not require proof of the active employment of the firearm, as was required under *Bailey's* interpretation of the predecessor "use and carry" provision.

"By requiring that the possession be 'in furtherance of' the crime, Congress intended a specific nexus between the gun and the crime charged." *Mackey*, 265 F.3d at 462. The *Mackey* court further stated that "[i]n order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Id.* "Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id.* In *Mackey*, the Sixth Circuit upheld the defendant's conviction where there was evidence presented that "there was an illegally possessed, loaded, short-barreled shotgun in the living room of the crack house, easily accessible to the defendant and located near the scales and razor blades. [Mackey], stopped by police near the gun, possessed cocaine and a large sum of cash." *Id.*

Here, the jury could infer that Defendant possessed the pistol "in furtherance of" the drug trafficking crimes he is alleged to have committed. The gun was not registered, was loaded with a bullet in the chamber, and was located in close vicinity to the drugs in Defendant's pants. Nevertheless, this is a question for the jury and is not for the Court to consider under a Rule 12(b) motion.

### C. Vindictive Prosecution

Finally, Defendant argues the superseding indictment is a result of prosecutorial vindictiveness.  A defendant can prove prosecutorial vindictiveness by showing "actual vindictiveness" or "a realistic likelihood of vindictiveness." *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003) (internal quotation marks and citation omitted).  Defendant does not allege actual vindictiveness here. To demonstrate a realistic likelihood of vindictiveness, Defendant must show: "(1) exercise of a protected right; (2) the prosecutor's stake in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the [defendant] for the exercise of the protected right." *Id.*  If a court finds a reasonable likelihood of vindictiveness, then the government bears the burden of disproving it or justifying the challenged action. *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001).  The standard a district court must apply in reviewing the circumstances surrounding a vindictive prosecution claim is "an objective one—whether a reasonable person would think there existed a realistic likelihood of vindictiveness." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980).  "The proper standard does not depend on a defendant's subjective impressions." *Id.*

Defendant alleged at the motion hearing that the government brought the Superseding Indictment in response to his motion to revoke the detention order or because of some other action by Defendant or his attorney. (*See* ECF No. 19.) But Defendant cannot show a reasonable likelihood of vindictiveness by the government. After Defendant was arrested on suspicion of drunk driving, Canton police officers found 7.66 grams of crack cocaine and 1.40 grams of cocaine. The types and amounts of these

drugs were confirmed by a laboratory report on June 7, 2021, two days before the superseding indictment. The Court therefore finds it was reasonable for the government to bring the additional drug and firearm charges in the superseding indictment.

## IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss Counts Two, Three, and Four of the Superseding Indictment (ECF No. 26) and Defendant's Motion for Bill of Particulars (ECF No. 28) are DENIED.

SO ORDERED.   s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 8, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager