UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 21-cr-20285

Honorable Nancy G. Edmunds

v.

LYNNIE ROBERSON, JR.,

    Defendant.

_____/

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PROPOSED 404(b) EVIDENCE [44] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY AND FOR DAUBERT HEARING [45]

Before the Court are Defendant Lynnie Roberson, Jr.'s motions to exclude proposed 404(b) evidence (ECF No. 44) and to exclude expert testimony and for Daubert hearing (ECF No. 45). The Court held a hearing on these motions on June 30, 2022, and heard testimony from the Government's proposed expert witness, Special Agent Joseph Nether ("SA Nether"). For the reasons that follow, the Court GRANTS Defendant's motion to exclude proposed 404(b) evidence (ECF No. 44) and GRANTS IN PART AND DENIES IN PART Defendant's motion to exclude expert testimony.

**I.    Factual Background**

On April 4, 2021, Canton Police Department officers on patrol on Michigan Avenue observed a Cadillac Escalade traveling westbound in the left lane with tinted front windows. The vehicle failed to maintain its lanes and committed other traffic violations. The officers initiated a traffic stop on the vehicle and it stopped in a parking lot. At the stop, officers identified the driver as Defendant Lynnie Roberson.

1

Defendant's appearance along with the smell emanating from the vehicle caused officers to suspect Defendant of being intoxicated. Officers asked Defendant to step out of the vehicle and, once he did, requested consent to pat Defendant down for weapons. During the pat down, officers discovered Defendant had $1,703 in cash on his person. Field sobriety tasks were conducted, and Defendant failed the testing. Defendant's blood alcohol content was measured at .137. As a result, Defendant was arrested and brought to the Canton Police Department.

At the station, Defendant was instructed to place his hands on the booking wall and spread his feet for a more thorough search of his person. During this search, officers found a small, loaded, unregistered handgun in Defendant's groin and two plastic baggies in Defendant's underwear which, according to lab reports, contained 7.66 grams of crack cocaine and 1.40 grams of cocaine.

Defendant was indicted on April 28, 2021 and a superseding indictment was filed on June 9, 2021. Defendant is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Two), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Three), and carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four).

## II.     Motion to Exclude Proposed 404(b) Evidence

A record check revealed Defendant was previously convicted of several felonies which were punishable by at least one year of imprisonment. On November 22, 2021 the Government forwarded to defense counsel notice of its intent to introduce evidence of a

2

2012 conviction for the sale of small amounts of drugs. This conviction arose from the following facts: On two separate dates in 2012, Defendant distributed crack cocaine from a vehicle to a confidential informant in exchange for $40. Defendant pled guilty and was sentenced to 60 months imprisonment. The Government's stated purpose for the introduction of this evidence is to establish intent to distribute narcotics in the present case.

Defendant argues that the Government's purported use of Defendant's 2012 conviction amounts to inadmissible character or propensity evidence in violation of Fed. R. Evid. 404(b). Additionally, Defendant argues that testimony regarding this incident, which occurred more than nine years ago, is not relevant or related to the crimes charged in the present case. For these reasons, and because the probative value of this testimony is outweighed by the danger of unfair prejudice to Defendant, Defendant claims the Government should be precluded from introducing this evidence at trial.

The Government argues that Defendant's 2012 conviction is for "uniquely similar behavior" to what is charged in the present case. Thus, according to the Government, evidence of the conviction will aid the jury, once a proper limiting instruction is given by the Court, in inferring Defendant's intent, an essential element of the offense of possession with intent to distribute.

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Before the Court may admit 404(b) evidence, it must (1) make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place; (2) determine whether those "other acts" are admissible for a proper purpose under Rule 404(b); and (3) determine whether the "other acts" evidence is more prejudicial than probative. *United States v. Bell,* 516 F.3d 432, 441 (6th Cir. 2008) (citing *United States v. Lattner,* 385 F.3d 947, 955 (6th Cir.2004)). If the court decides that the evidence is admissible under Rule 404(b), it must then "carefully identify in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden [by] Rule 404(b)." *United States v. Johnson,* 27 F.3d 1186, 1194 (6th Cir.1994).

In this case, the Court will exclude evidence of the 2012 conviction. While there is no dispute regarding the sufficiency of evidence that shows whether the "other act" took place—Defendant pleaded guilty to distributing the narcotics in the 2012 case—the final two factors outlined by the Sixth Circuit weigh against admission of the evidence. First, the "other act" evidence is not being offered for a proper purpose. The Government argues that it intends to use the evidence to prove intent, but the Court agrees with Defendant who, relying on *United States v. Miller*, 673 F.3d 688, 696 (7th Cir. 2012),[1]

---

[1] Defendant incorrectly cites and refers to *Miller* as a Sixth Circuit case in his briefing, but *Miller* is indeed a Seventh Circuit case. Nevertheless, *Miller* has been cited favorably by the Sixth Circuit in at least three cases. *See, e.g., U.S. v. Richardson*, 597 Fed. App'x 328, 335 (6th Cir. 2015) (finding the district court's error in admitting evidence of a past drug distribution conviction was not harmless—because no facts relating to the

4

argues that 2012 drug conviction could only be evidence Defendant intended to distribute drugs in 2021 under a propensity theory, which Rule 404(b) forbids. Additionally, the Court finds the probative value of the 2012 conviction is outweighed by the danger of unfair prejudice, even with a limiting instruction. *See* Fed. R. Evid. 403.

Excluding the evidence based upon this analysis is consistent with prior Sixth Circuit precedent. In the context of drug distribution cases, the Sixth Circuit has held that prior distribution evidence can be admissible to show intent to distribute where "the past and present crime are related by being part of the same scheme of drug distribution or by having the same *modus operandi*." *Bell*, 516 F.3d at 443. Such a relationship is required because "[t]he only way to reach the conclusion that the person currently has the intent to possess and distribute based solely on evidence of *unrelated* prior convictions for drug distribution is by employing the very kind of reasoning—i.e., once a drug dealer, always a drug dealer—which 404(b) excludes." *Id.* at 444 (emphasis in original).

Here, the Government has not provided facts to show a similar *modus operandi* between the circumstances surrounding the 2012 conviction and the present case. The Government only points out that in both 2012 and 2021, Defendant was driving a vehicle and had drugs and money on his person. But, dealing narcotics from a vehicle in 2012 and being pulled over in 2021 for tinted windows and suspected intoxication is hardly the same set of circumstances. It is the jury's responsibility to determine Defendant's guilt under the circumstances surrounding his present arrest.

---

1998 conviction were offered into evidence to show what the conviction and the present crime shared in common other than their elements of proof, the record of conviction would only be probative if the jury were permitted to reason that because the defendant intended to commit the offense before, he intended to do it again.)

Accordingly, the Court GRANTS Defendant's motion *in limine* to exclude the proposed 404(b) evidence regarding Defendant's ten-year old conviction.

### III.      Motion to Preclude Expert Testimony

The Government also disclosed to Defendant that it would seek to introduce expert testimony of SA Nether regarding "low to mid-level drug traffickers, particularly trades and practices employed by them." According to the Government's response to Defendant's motion *in limine*, SA Nether's opinion testimony will include information on (1) how low to mid-level narcotic traffickers commonly package controlled substances; and (2) how low to mid-level traffickers commonly distribute their drugs by selling quantities consumable by users. The Government also plans to have SA Nether testify that low to mid-level traffickers commonly (3) possess paraphernalia and packaging material; (4) attempt to conceal narcotics in their groin area; and (5) carry firearms. At the hearing on the motion, however, the Government elicited testimony from SA Nether that was much broader than the topics noted here. For example, the SA Nether testified regarding the lengths drug users will sometimes go to in order to fund their drug habits, his experience with high-level drug traffickers, and his experience with firearms traffickers.

Citing Federal Rules of Evidence 702 and 403 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), Defendant moves the court for a *Daubert* hearing and to preclude the testimony of the Government's proposed expert, SA Nether. Defendant claims SA Nether does not possess scientific, technical or other specialized knowledge and that his proposed testimony is not based on scientific facts or data or reliably applied principles and methods. Defendant also claims the proposed testimony is irrelevant and fails to be more probative than prejudicial.

The Government claims the proposed testimony is admissible and will help assist the jury in understanding the trades and practices utilized by low to mid-level narcotics traffickers.

Federal Rule of Evidence 702 permits expert testimony if "specialized knowledge" will help the jury "to understand the evidence or to determine a fact in issue," and such specialized knowledge may be based on skill, experience, training, or education. Fed. R. Evid. 702. This Rule "is to be broadly interpreted," *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 849 (6th Cir.1981), and the Sixth Circuit has routinely upheld the admission of expert testimony to aid the jury in drug cases such as this one. *See e.g.*, *United States v. Lopez-Medina*, 461 F.3d 724, 742 (6th Cir. 2006) ("[c]ourts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror"); *United States v. Flowal*, 163 F.3d 956 (6th Cir. 1998) (police officer may properly testify regarding street value and cocaine distribution practices).

The Court agrees with the Government that SA Nether's testimony could help the jury understand the methods of low or mid-level narcotics dealers, a subject of which many people have no knowledge. Nevertheless, before permitting the jury to hear and assess opinion testimony, Rule 702 requires a district court to determine that (1) the proposed expert is qualified, (2) the proposed testimony is "relevant, meaning it will assist the trier of fact to understand the evidence or determine a fact in issue," and (3) the proposed testimony is reliable. *United States v. Rios*, 830 F.3d 403, 413 (6th Cir.2016) (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008)). In this case, the Court finds SA Nether is qualified and that his proposed testimony is reliable—he has

7

20 years of law enforcement experience, has received specialized training regarding various aspects of narcotics investigations, has sufficient experience investigating drug activity, and has previously testified as a drug expert in federal court.

According to the Government's proffer at the hearing, however, portions of SA Nether's proposed testimony are far too broad to be relevant here, and in addition, would be more prejudicial than probative. Accordingly, Defendant's motion to exclude expert testimony is DENIED IN PART in that SA Nether will permitted to testify within the bounds of his expertise as it applies to the particular facts of this case, *to wit*, street-level drug trafficking. Defendant's motion to exclude expert testimony is GRANTED IN PART as to any other testimony regarding facts and circumstances outside of those present here.

## IV.   Conclusion

For the reasons stated above, the Court GRANTS Defendant's motion to exclude proposed 404(b) evidence (ECF No. 44) and GRANTS IN PART AND DENIES IN PART Defendant's motion to exclude expert testimony. Defendant's motion is GRANTED IN PART in that SA Nether is precluded from testifying regarding his opinions or experiences that are not targeted or relevant to the particular circumstances of this case. Defendant's motion is DENIED IN PART in all other respects.

**SO ORDERED**.    s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 8, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2022, by electronic and/or ordinary mail.

                                            s/Lisa Bartlett
                                            Case Manager