**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                     Case No. 21-cr-20285

v.                               District Judge Laurie J. Michelson

LYNNIE ROBERSON, SR.,

       Defendant.

_____/

**ORDER ON PRELIMINARY HEARING FINDING PROBABLE CAUSE**
**AND**
**FOR DETENTION PENDING A HEARING ON THE SUPERVISED**
**RELEASE VIOLATIONS**

I.      Introduction

This is a criminal case.  Defendant Lynnie Roberson, Sr. is before the Court on the government's motion for his detention pending a hearing on a petition that he violated the terms of his supervised release.  Roberson made his initial appearance on May 13, 2026 and the government moved for detention pending a hearing on the petition which is scheduled for May 26, 2026.  On May 14, 2026, the Court conducted a preliminary hearing at Roberson's request and a detention hearing under Fed. R. Crim. P. 32.1(a)(6).  After the hearing, the Court found probable cause to support the violation in the petition and granted the

government's motion for detention.  This order further memorializes the Court's reasoning.

## II.    Background

On May 22, 2023, Roberson was sentenced to 64 months imprisonment to be followed by three years of supervised release following his conviction for one count of possession of a firearm by a convicted felon, and two counts of possession of cocaine with the intent to distribute.  His term of supervision began on March 10, 2025.

On August 5, 2025, just a few months into his supervision, a violation report was filed, alleging that Roberson violated the terms of his supervised release by engaging in new criminal conduct.  Namely, Roberson was alleged to have broken into his girlfriend's home and assaulted her and her friend.  Roberson made his initial appearance on the petition on August 7, 2025, and the government requested detention.  A detention hearing was held on August 8, 2025, after which Roberson was ordered detained pending a hearing on the petition.

On September 22, 2025, the district judge held a hearing on the petition and found Roberson guilty of the violation.  He was released on bond pending sentencing, with the additional condition that he have no contact with the victims.

On February 2, 2026, Roberson was sentenced to time served with additional conditions of supervised release, including participating in mental health treatment

2

program to address anger management, zero tolerance on future violations, and no contact with the victims.

On April 8, 2026, just two months after he was sentenced on the violation, a second petition for violation of the terms of supervised release was filed. The nature of the alleged violation is eerily similar to the prior violation. On March 8, 2026, Roberson is alleged to have broken into the home of his ex-girlfriend, a different woman than the victim in the first violation, and in doing so he assaulted her 14 year old daughter, causing injuries to her face and lip. Roberson was later arrested on a warrant for home invasion, assault, and malicious destruction of property.

### III.    Analysis

### A.    Preliminary Hearing

Because the government is seeking to detain Roberson pending a hearing on the petition, he is entitled to a preliminary hearing to determine whether probable cause supports the violations. "Probable cause" is not defined in procedural rules or by statute, but it is often described as "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The government's burden to establish probable cause at a preliminary hearing is relatively low. *United States v. Spencer*, No. 2:13-MJ-129, 2013 WL

3

2417976, at *1 (S.D. Ohio June 3, 2013). But the evidence the government presents at the preliminary hearing must show more than mere suspicion. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) ("Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion.").

To government may rely on hearsay to sustain its burden of showing probable cause. Rule 5.1(e); Fed. R. Evid. 1101(d)(3). However, for hearsay to support probable cause for an arrest, there must be a showing that the hearsay is reliable under the totality of the circumstances. *Gates*, 462 U.S. at 233, 103 S.Ct. 2317 (tipster's information must have indicia of reliability to support probable cause); *Mosley v. City of Chicago*, 614 F.3d 391, 399 (7th Cir. 2010) ("We look to the totality of the circumstances when considering whether the officers had probable cause to arrest and initiate proceedings against a defendant."). The indicia-of-reliability test is more commonly applied when determining whether probable cause supports an arrest warrant. But the evidence the government presents at the preliminary hearing must show more than mere suspicion. *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) ("Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion.").

4

The probation officer, Seth Martin, testified at the hearing.  Mr. Martin explained that he reviewed the police report from the March 8, 2026 incident, photos from the police report, and body cam footage from the officers.  He confirmed the allegations in the petition, that Roberson broke into the victim's home.  He also testified that while Roberson may not intentionally struck the 14 year old, she suffered injuries as a result of Roberson's actions.  The government also introduced photographs of the victim's home, which showed damage to a window consistent with an unlawful entry.  The government also showed photographs of the 14 year old victim, which showed visible injuries.  As noted above, a warrant was obtained and Roberson was arrested.  The fact that a warrant was obtained supports a finding of probable cause on this violation.  Although the charges were dismissed at a preliminary examination because the victims did not appear, this fact alone does not defeat probable cause.  Based on Mr. Martin's testimony and the exhibits, probable cause has been established.

### B.    Detention

Because Roberson is before the Court on a supervised release charge, he bears the burden of "establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community…"  Fed. R. Crim. P. 32.1(a)(6).  The government argues that Roberson has not met his burden.

5

The Court agrees.  The Court notes that Mr. Marin also recommended he be detained pending the violation hearing.

The fact that this is Roberson's second violation petition, with allegations of violent conduct similar to the first violation, is very troubling.  While defense counsel noted that Roberson was compliant during the time he was found guilty on the first violation and sentenced, that does not dimmish the fact that Roberson has once again alleged to have engaged in assaultive behavior.  He poses a danger to the community, in particular the victims in the instant petition.  As the government pointed out, Roberson has a long and violent criminal history, including multiple incidents of domestic violence.  He was under a zero tolerance condition.  That did not deter him from violence.  Under all of the circumstances, Roberson has failed to meet the high burden for being released pending a hearing on supervised release violations.  Fed. R. Crim. P. 32.1(a)(6).  Indeed, the only way to assure his appearance and the safety of the community is for Roberson to remain in custody until his hearing on the petition.

**Accordingly, Detention is Ordered.**

Roberson is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  Roberson must be afforded a reasonable opportunity to consult

6

privately with defense counsel.  On order of a United States Court or on request of

an attorney for the government, the person in charge of the corrections facility

must deliver Roberson to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R.

57.2.


Dated: May 15, 2026                              s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge